DENNIS v. COBLE ET AL.

*Landlord and tenant—Forcible entry and detainer—Time to vacate under notice to quit premises—Section 10216, General Code, controls—When three-day notice to be served.*

1. The method of computing the time allowed a tenant to vacate premises on a notice to quit is controlled by Section 10216, General Code, which provides that the time within which an act is required to be done shall be computed by excluding the first day and including the last.
2. Where a lease expires on June 30 a lawful notice to quit may be served on the tenant on June 27, requiring him to vacate the premises within three days after its service, as that will allow him all of June 30 in which to comply.

(Decided January 22, 1923.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Geer & Lane,* for plaintiff in error.
*Messrs. Miller & Wall,* for defendants in error.

RICHARDS, J. The original action out of which this proceeding in error grows was commenced by Coble and McFann in the municipal court of the city of Toledo to recover certain real property alleged to be forcibly detained by the defendant. The trial resulted in a verdict and judgment in favor of the plaintiffs, finding that the defendant was guilty of wrongfully detaining the property. This judgment was affirmed by the Court of Common Pleas, and it is now urged that the judgments are contrary to law and should be reversed.

The controversy between these parties must be determined by a solution of two questions: first, on what date did the lease to Dennis expire; and,

second, was the notice which was served on him to quit the premises a lawful one?

The original lease was by its terms to begin on the first day of July, 1920, and while there were some negotiations between the parties and some correspondence which might be construed to imply that the lease was to terminate on July 1, 1922, we have no doubt that these matters are all referable to the original lease and that the tenancy would expire at midnight on June 30, 1922.

It is not disputed that under the decisions of *Leutzey* v. *Herschelrode*, 20 Ohio St., 334, and *Mone* v. *Pope*, 9 C. C., 168, the statutory notice to leave the premises in a forcible detainer case may be served as well before as after the expiration of the term; nor that the day designated for vacating the premises must be at or after the expiration of the term. The notice to quit was served on Dennis June 27, 1922, and contained the usual recital that his compliance with the notice within three days after its service would prevent any measures being taken to obtain possession. The action in forcible detainer was not, in fact, brought until July 10, 1922, but it is insisted that the notice is not a compliance with the law, because plaintiff in error claims that it required the tenant to vacate the premises on June 29, 1922, while his lease would not expire until June 30. The method of computing time adopted by the plaintiff in error to reach the conclusion at which he arrives is by counting the day of the service of the notice as one day, by which computation the time within which the tenant was required to vacate would expire on the 29th day of June, 1922. The court, however, is of the opinion that the day on which

the notice to vacate was served must not be counted
in computing the time at which the tenant is re-
quired to vacate. The matter is controlled by
Section 10216, General Code, which provides that
the time within which an act is required by law
to be done shall be computed by excluding the first
day and including the last. Under the provisions
of this statute, June 27 could not be counted as
one of the days, but the first day would be June
28, and therefore the tenant was not required by
the notice to vacate until June 30, which was the
day that his right to occupy the premises would
expire, and the notice was therefore in accordance
with law.

The proper method of making the computation
in cases falling within the statute is set forth in
*Bushong* v. *Graham,* 4 C. C., 138. That case was
based on Section 5227 of the Revised Statutes, now
Section 12226, General Code, which requires a
party who desires to appeal his cause to do so
"within thirty days," and it was held that where
the time from which the judgment dated was the
first day of the month the appellant was entitled
to all of the 31st in which to perfect the appeal.

It is urged that *Mone* v. *Pope, supra,* is favor-
able to the contentions of plaintiff in error in this
case. We do not so interpret that decision, as
it only holds that the time fixed for the vacation
of the premises must be at or after the expiration
of the term, and the only two cases cited by the
judge in the opinion are cases of that character.
Evidently in that case the lease did not expire
until the 31st of March, or the 1st of April, where-
as the notice to quit required the tenant to vacate
within three days from March 12.

The court is of the opinion that where a lease expires on June 30, a lawful notice to quit may be served on the tenant on June 27, requiring him to vacate within three days from the time of its service. The tenant under such notice would have all of the 30th day of June in which to vacate, and that being the day on which his lease terminates it is the day when he is required by its terms to vacate. The notice in the case at bar, therefore, was within the provisions of the law.

*Judgment affirmed.*

CHITTENDEN and KINKADE, JJ., concur.