Sternberg et al., Appellees, *v.* Washington et al., Appellants.

(No. 5041—Decided October 19, 1960.)

Mr. *Richard Sternberg*, for appellees.
Messrs. *Houk & Houk*, for appellants.

Hunsicker, J. This appeal on questions of law is lodged in this court by John B. and Juanita D. Washington, herein called Washington. The judgment of which Washington complains was entered by the Municipal Court of Akron, Ohio, in an action of forcible entry and detainer. This judgment granted to appellees, herein called Sternberg, possession of premises which Washington by land contract agreed to purchase from Sternberg.

The petition, as filed in the Municipal Court of Akron, contained a first count for unlawful detention of the premises, and a second count for damages in the amount of $296. This sum is made up of a claim of $139 for the April 1st payment, $82 due on the downpayment on the purchase price, and $75 for insurance on the premises. No evidence was received on this second count of the petition, and such matter was certified to the Common Pleas Court of Summit County, pursuant to Section 1901.22 (E), Revised Code.

An answer and cross-petition was filed by Washington. The answer admitted the execution of the land contract, but denied all the other allegations of the petition. The cross-petition prayed for compensatory and punitive damages totaling $12,000. The claims in the cross-petition were also certified to the Common Pleas Court.

A trial was then had on the forcible entry feature of the cause, and a judgment of possession was awarded Sternberg.

This appeal then was filed by Washington, who says: the trial court erred in assuming jurisdiction of the action in forcible entry and detainer; the pleadings and proof disclose a bona fide controversy as to title; there was no election by Sternberg for forfeiture as required by the contract; forfeiture under the circumstances should not have been granted.

Counsel for each of the parties admit that a narrative bill of exceptions was prepared and timely submitted to the trial judge, who, after hearing objections thereto, allowed and signed such bill. This bill has been lost, but a copy has been filed;

and by journal entry the trial judge has indicated his approval thereof. Counsel for Sternberg does not object to the use of this copy of the bill of exceptions.

The bill of exceptions shows that no witnesses were sworn and no testimony taken. Admissions were made by counsel as to the land contract. This contract provided, in part, as follows:

"In case default shall be made by the party of the second part, John B. Washington and Juanita Washington, their heirs, executors, administrators or assigns, in any of the conditions above stipulated to be performed by them, it shall and will be lawful for the party of the first part, if they so elect, to treat this contract as thenceforth void, and to re-enter upon said premises at any time after such default, without serving on the party of the second part, or any person holding under them, a notice to quit said land; and in case this contract shall be so treated as thenceforth void, the party of the second part, or those claiming under them, shall thenceforth be deemed a mere tenant at will under said party of the first part, and be liable to be proceeded against without notice to quit under the provisions of the law regulating proceedings in cases of forcible detainer; and the party of the first part, in such case, shall be at liberty to sell the land and premises to any person whatsoever, without being liable in law or in equity to the party of the second part or any person claiming under them for any damages in consequence of such sale or to return any payments made on account of or under this contract, and the payments that shall have been made may be retained by the party of the first part as stipulated damages for the nonperformance of this contract on the part of the party of the second part."

The payment due April 1, 1960, of $139 was not made, and on April 14, 1960, Sternberg filed their petition in forcible entry and detainer. The bill of exceptions does not show that a three-day notice was filed, or that Sternberg elected "to treat this contract as thenceforth void."

The payments made by Washington to Sternberg, pursuant to the land contract, were in several instances made after the first day of the month, but never later than the fourth day.

The payment due April 1 was tendered to Sternberg on April 29, 1960, the day when the forcible entry case was heard in the trial court.

The judgment as entered by the Municipal Court, is as follows:

"This cause was tried on the 29th day of April, 1960, on the petition of the plaintiffs in their action for the wrongful detention of property, described therein, by the defendants.

"1. Upon the pleadings and the evidence this court found that the plaintiffs and the defendants entered into a land contract which contained an express provision reserving the right of the plaintiff [sic] to declare said contract void and re-enter and repossess the described premises upon default of the defendants.

"2. It was further found by the court that the defendants did breach a condition of said contract that the defendants wrongfully detain said premises from the plaintiff [sic].

"3. Now therefore it is ordered, adjudged and decreed that the plaintiff [sic] have restitution of the premises forthwith and that costs be borne by the defendants. Exceptions to defendants."

This court has heretofore said that a Municipal Court has jurisdiction in forcible entry and detainer actions. *State, ex rel. Everson, et al.,* v. *Municipal Court of Barberton,* 98 Ohio App., 177.

The Municipal Court of Akron has such jurisdiction unless the title to real property is drawn in question. *Olds, Exr. and Trustee,* v. *Morse,* 98 Ohio App., 382.

There is nothing in the pleadings or the bill of exceptions (except the general denial in that portion of the answer of Washington) that even remotely draws the title of Sternberg in question. The answer of Washington admits the execution of the land contract.

As we have heretofore stated, the bill of exceptions indicates that no witnesses were called to testify. There is no evidence that a notice to quit the premises was served on Washington, or that notice of an election to declare the contract void was given to Washington.

The conditions under which Washington may be ousted from

possession of the premises do not arise because of the title in Sternberg, but because of the terms of the land contract. The entry by Washington was proper and a matter of right. To cut off this right of occupancy by Washington, the appellees, Sternberg, agreed that there must be an election by them, which election made the possession by Washington unlawful. How may such election be made manifest?

The rule in Ohio is stated in *Kirby* v. *Harrison*, 2 Ohio St., 326, at page 336, where the court said:

"* * * and if it were admitted that he did no positive act, before filing the bill, manifesting an intention to rescind, it can not be denied that the filing of the bill itself manifests his intention clearly enough * * *."

This case is cited in 55 American Jurisprudence, Vendor and Purchaser, Section 634, at p. 1027, n. 6, as authority for the statement that "The filing of a suit for rescission itself manifests the intention of the vendor to rescind."

In *Economy Savings & Loan Co.* v. *Hollington*, 105 Ohio App., 243, the court there determined that a cross-petition asking for forfeiture and termination of the contract is an effective notice of the election to terminate the agreement to sell the premises. We find no prejudicial error with regard to lack of notice to declare the contract void.

This is not an action in rescission, but an action of forcible entry and detainer for possession.

Washington also complains that Sternberg chose to sue for rent and damages, therefore pursuing a remedy inconsistent with forfeiture. The statute on joinder, Section 2309.05 (G), Revised Code, provides that a plaintiff may unite several causes of action in the same petition when they include "Claims to recover real property, with or without damages for withholding it, its rents and profits * * *." See also: 24 Ohio Jurisprudence (2d), Forcible Entry and Detainer, Section 38.

We find no prejudicial error in the joinder of the causes of action, although some of the items sued for may not properly be classed as damages.

There is in this case a glaring error of omission. Nowhere in the bill of exceptions is it shown that the notice required by Section 1923.04, Revised Code, had been served upon Washing-

ton prior to the commencement of the action in forcible entry and detainer. The petition alleges that such a notice was served on April 11, 1960. The general denial by Washington, of course, included a denial of this vital, necessary, prerequisite to a right to bring the action. In the absence of a showing that this notice was properly served, the trial court lacked jurisdiction to proceed.

In *Barr Hotel Co. v. Lloyd MacKeown Buick Co.*, 104 Ohio App., 69, at page 75, the court said:

''Proper service of the notice to leave premises is not only a condition precedent to beginning an action in forcible entry and detainer but, when controverted, as herein, is an essential element of plaintiff's case in chief. * * *''

The failure of proof on this vital part of the case in chief prevented the trial court from having jurisdiction to proceed with the action. The trial court hence committed error prejudicial to the rights of the appellant, Washington.

The judgment must be reversed and final judgment rendered for Washington.

*Judgment reversed and final judgment for appellants.*

DOYLE, P. J., and STEVENS, J., concur.