Argued August 31, 1978, affirmed February 6, 1979

CASTAGNA, *Appellant,*
*v.*
WESTERN GRAPHICS CORPORATION,
*Respondent.*
(No. 76-107-L-2, CA 10018)

590 P2d 291

Thomas C. Howser, Ashland, argued the cause for appellant. With him on the brief was Cottle, Howser & Hampton, Ashland.

John D. Arnold, Eugene, argued the cause for respondent. With him on the brief was Johnson, Harrang & Mercer, Eugene.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiff appeals from a summary judgment entered in favor of defendant in an action for money damages for an invasion of privacy arising out of the allegedly unconsented distribution by defendant of posters bearing a photograph of plaintiff. The trial court's ruling was correct.

■ Plaintiff admitted that he consented to the publication and sale of his photograph, but only upon defendant's alleged promise that plaintiff would receive compensation. Plaintiff would have us accept the proposition that his consent was void because he claims defendant fraudulently misrepresented its intentions concerning the payment of compensation and that plaintiff can, therefore, maintain an action in tort for invasion of privacy as though his consent had never been given. The authorities clearly do not support that conclusion.

■ "The right of privacy ceases with respect to a particular matter on the publication of such matter by the person concerned or with his consent." 77 CJS 413, Right of Privacy, § 6 (1978). More specifically, "The consent of an individual to the use of his picture * * * for advertising purposes constitutes a waiver of his right of privacy to that extent." 41 Am Jur 937, Privacy, § 17 (1971). Consent to any publication of matter that invades privacy creates an absolute privilege so long as the publication does not exceed the scope of the consent. Restatement (Second) of Torts, § 652F b (1976).[1]

---

[1] Restatement (Second) of Torts § 652F b (1976) provides:

"b. *Consent.* As is stated in the Comments under § 583, consent to any publication, either of matter that is personally defamatory or of matter that invades privacy, creates an absolute privilege so long as the publication does not exceed the scope of the consent. The consent given may be narrowly limited. The plaintiff may, for example, agree to permit only one person upon only one occasion to make use of his picture for advertising purposes. In that case the consent does not protect another person who invades the plaintiff's privacy on another occasion, even though he may do so in precisely the same way.

■ Plaintiff does not claim that the scope of his consent has been exceeded, rather he claims that his consent was obtained as a result of misrepresentation. Restatement (Second) of Torts § 892B(2) (Tent. Draft No. 18, 1972) states:

"(2) If the person consenting to the conduct of another is induced to do so by a substantial mistake *as to the nature of the invasion of his interests or the extent of the harm to be expected from it,* and his mistake is known to the other or is induced by the other's misrepresentation, the *consent is not effective as to the unexpected invasion* or harm." (Emphasis supplied.)

This section is qualified by Section 892B, Comment g, as follows:

"*g. Mistake as to matters not affecting invasion or harm.* The rule stated in Subsection (2) is limited to substantial mistakes, known to the actor, as to the nature of the invasion or the extent of the harm which is to be expected. If the consent is induced by mistake as to other matters, the rule does not apply. The plaintiff may not be without remedy, in the form of rescission of a transaction into which he has entered, and restitution of what he has parted with, as to which see Restatement of Restitution, Chapter 2; but the mistake does not bear so directly and immediately upon the conduct, or the invasion it inflicts, as to invalidate the consent itself and permit a tort action as if it never had been given. Sometimes this is expressed by saying that the consent is 'voidable,' but not 'void'; sometimes by saying that the mistake goes merely to the 'inducement' of the consent, rather than to the essence of what is consented to; sometimes by saying that it goes merely to a 'collateral' matter. This is true, in general, whenever the other has

---

"On the other hand, the consent given may be much broader in its scope. Thus an actor may consent to the use of his name or likeness for all usual and customary purposes in advertising a motion picture that he has made, and the producer of the picture will then be privileged to make any of those uses of the name or likeness. The plaintiff may also consent to general publicity given to his name or likeness, or to private facts about himself, or even to statements about him that are false, which will arouse interest in him and make him a public figure. In this case he can not complain when he is given further publicity of the same kind and in the same connection."

given his consent with full understanding of the conduct, the invasion of his interests, and the harm expected to follow, but has done so because of a mistake as to some other reason for consenting."

The same rules apply where the mistake is induced by a misrepresentation:

"*h. Misrepresentation.* The rule stated in Subsection (2) applies also where the mistake of the other is induced by a misrepresentation made to him by the actor. In that case the other may have a cause of action for the misrepresentation itself, under the rules stated in Chapter 22; but he may also treat the consent as invalid, and maintain any tort action open to him in the absence of consent, under the rule here stated. The mistake having been produced by the misrepresentation of the actor, he will normally be aware of its existence, but his knowledge of the mistake is not necessary. *On the other hand, if the mistake does not go to the nature of the invasion or the extent of the expected harm, it comes within Comment g above, and there is no action for such other torts, even though there may be one for the misrepresentation itself.* (Emphasis supplied.) Restatement (Second) of Torts § 892B, Comment h (Tent. Draft No. 18, 1972).

Here, plaintiff does not allege that defendant misrepresented the manner in which the picture would be used or how broad the publication would be. Thus, there was no unexpected invasion or harm and the above Restatement § 892B(2) is not applicable. W. L. Prosser, The Law of Torts, § 18 (4th ed 1971) is free of any ambiguity on this point.[2]

---

[2] "The consent of the person damaged will ordinarily avoid liability for intentional interference with person or property. It is not, strictly speaking, a privilege, or even a defense, * * * but goes to negative the existence of any tort in the first instance. * * * It is a fundamental principle of the common law that *volenti non fit injuria*—to one who is willing, no wrong is done. The attitude of the courts has not, in general, been one of paternalism. Where no public interest is contravened, they have left the individual to work out his own destiny, and are not concerned with protecting him from his own folly in permitting others to do him harm.* * *" (Footnotes omitted.) W. L. Prosser, Law of Torts, ch 4, § 18, p 101 (4th ed 1971).

"* * * Apparently, however, the mistake must extend to the essential character of the act itself, which is to say that which makes it

This application of the Law of Torts in invasion of privacy cases is well established. *See Johnson v. Boeing Airplane Co.,* 175 Kan 275, 262 P2d 808 (1953), *Sharman v. C. Schmidt and Sons, Inc.,* 216 F Supp 401 (ED Penn. 1963), and *Volk v. Auto-Dine Corporation,* 177 NE2d 525 (ND 1970).

■ We agree with the statement by the trial court that "[t]he plaintiff may very well have a cause of action for his services in posing as a model." However, if the plaintiff has a cause of action it is not for invasion of privacy. The summary judgment is, therefore, affirmed.

Affirmed.

harmful or offensive, * * * rather than to some collateral matter which merely operates as an inducement. Thus consent to intercourse is still consent, although it is in return for counterfeit money, and the woman has no action for battery when she subsequently decides that she has been raped. * * * The remedy, if any, for such collateral fraud, is an action for deceit, or upon the contract for the consideration promised. * * *" (Footnotes omitted.) W. L. Prosser, Law of Torts, ch 4, § 18, p 101 (4th ed 1971).