WINTROW *v.* SMITH ET AL.

(No. 87 CVG 1431—Decided March 31, 1987.)

Akron Municipal Court.

*William Love II,* for plaintiff.
*Thomas J. Lowrey,* for defendants.

SCHNEIDERMAN, J. A trial was held on March 27, 1987, on the complaint of the plaintiff, Dora Wintrow, against the defendants, Charles Smith and occupants, for restitution of premises and rent.

On February 24, 1987, a hearing was held before a referee, who recommended that a writ should issue, and on the same date, another branch of this court approved the referee's report. Defendant then filed a motion for new trial claiming the plaintiff did not comply with the three-day notice requirement of R.C. 1923.04. This court granted a new trial as the referee's report did not contain a reason for the writ. At this trial, both parties appeared with counsel and presented evidence.

Briefly, the relevant facts are as follows:

Plaintiff is the owner of the property known as 1353 Sweitzer in Akron, Ohio, and it has two residential units. Defendants occupy the lower unit under a month-to-month tenancy. On December 30, 1986, defendants were served with a notice from the plaintiff to terminate this tenancy. On Sunday, February 8, 1987, plaintiff served the defendants with a three-day notice to leave the premises and filed this action on February 11. Defendants' paid plaintiff all the rent through January 1987 and deposited the February and March rent with the clerk of this court.

Plaintiff seeks a writ of restitution on the first count. She did not offer evidence on the second count and no rent is due. Defendants argue that the complaint should be dismissed because plaintiff did not give the required three-day notice and that this action is a retaliatory eviction. Defendants' first argument is decisive.

R.C. 1923.04(A) provides in part that a party desiring to commence a forcible entry and detainer action "* * * shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action * * *."

Proper service of the "three-day notice" is a condition precedent to the beginning of an eviction action, and it is a separate jurisdictional step that must be completed before filing. See *Voyager Village Limited* v. *Williams* (1982), 3 Ohio App. 3d 288, 3 OBR 333, 444 N.E. 2d 1337; *Sternberg* v. *Washington* (1960), 113 Ohio App. 216, 17 O.O. 2d 185, 177 N.E. 2d 525.

Plaintiff claims that she gave defendants the required three-day notice since she filed this action on the fourth day after such service. R.C. 1.14 and Civ. R. 6(A) provide that time

shall be computed by excluding the first and including the last day. Plaintiff served a three-day notice on February 8, 1987; excluding that day, the third day was February 11. Defendants had all of the third day to leave the premises and this action could not be filed sooner than February 12.

This analysis is supported by *Dennis* v. *Coble* (1923), 18 Ohio App. 62, interpreting earlier, but similar statutes. The syllabus in *Dennis* provides the following:

"1. The method of computing the time allowed a tenant to vacate the premises on a notice to quit is controlled by Section 10216, General Code, which provides that the time within which an act is required to be done shall be computed by excluding the first day and including the last.

"2. Where a lease expires on June 30 a lawful notice to quit may be served on the tenant on June 27, requiring him to vacate the premises within three days after its service, as that will allow him all of June 30 in which to comply."

Plaintiff's action was premature and should be dismissed without prejudice.

*Judgment accordingly.*