[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Toledo Municipal Court. Appellant, Owner's Management Company, is appealing the trial court's denial of its request for a writ of restitution in a forcible entry and detainer action against appellee Lashawna Madden. From that judgment, appellant raises the following assignments of error on appeal:
 "1. The lower court abused its discretion in denying Owner's Judgment [sic] for possession of 1854 Westland Gardens, #201.
 "2. The lower court erred in finding that Owner's eviction notice had to be served by hand and mail.
 "3. The lower court erred in finding that Madden was not in default in the payment of rent.
 "4. The lower court erred in finding that Owner's was not entitled to judgment for possession since it did not send Madden a reminder notice stating the amount of her rent.
 "5. The lower court erred in finding that Owner's waived Madden's forfeiture by executing a new lease agreement with her on April 24, 1997."
Appellee has not filed a brief in this matter. Accordingly, pursuant to App.R. 18(C), we accept appellant's statement of the facts as true to the extent that they are consistent with the record before this court. The relevant facts of this case are as follows. Owner's Management Company operates Westland Gardens Apartments, a federally subsidized apartment complex in Toledo, Ohio. In January 1996, appellee entered into a rental agreement with appellant for the lease of apartment number 201 at Westland Gardens. Appellee's rental payments, however, were subsidized by the Department of Housing and Urban Development ("HUD"). Because of appellee's financial situation at the time the lease was entered into, appellee was not required to make any payments to appellant toward rent. Subsequently, however, appellee became employed which required her to execute new forms recertifying her compliance with HUD's tenant requirements. The recertification relevant to this appeal was signed by appellee on December 18, 1996, and indicated that, effective January 1, 1997, appellee would be required to pay $56 per month toward her rent.
On April 24, 1997, appellant filed a complaint in forcible entry and detainer against appellee. The complaint alleged that appellee was in default in her rental payments and that appellant had duly served a notice to vacate the premises on appellee on February 28, 1997. The case was heard by a municipal court magistrate on May 8, 1997 at which Nicholas Ewsuk, the manager of Owner's Management Company, and John Coates, the resident manager of Westland Gardens, testified. In addition, Madden, who appeared pro se, testified. On May 19, 1997, the magistrate released a decision including findings of fact and conclusions of law, denying appellant's complaint for a writ of restitution. Specifically, the court found that the notice to leave the premises had not been served on appellee by hand delivery and by mail, as required by paragraph 23C of the lease; that appellant had not sent appellee a monthly statement indicating the new rental amount due even after appellee had requested the same; and that appellant waived any breach alleged to have occurred in February 1997 by executing a new lease agreement on April 24, 1997. Accordingly, the court held that appellee was not in default of the lease for failure to pay rent and that appellant was not entitled to restitution of the premises. Appellant responded by filing objections to the magistrate's decision; but on June 4, 1997, the trial court filed a judgment entry finding the objections not well-taken and affirming the decision denying appellant a writ of restitution. It is from that judgment that appellant now appeals.
We find the second assignment of error to be dispositive of this appeal. Appellant asserts that the trial court erred in finding that appellant did not properly serve appellee with a notice to vacate the premises because the notice had not been both hand delivered and mailed to appellee. Appellant contends that under the terms of the lease, because it was terminating the tenancy due to appellee's failure to pay rent, it was only required to hand deliver written notice to her pursuant to state law. Because R.C. 1923.04(A) permits notice to be served by leaving the notice at the tenant's "usual place of abode," appellant argues that it complied with the notice requirements when John Coates slipped the notice under appellee's door.
While we agree with appellant's assessment of the law applicable to this case, we find that the facts, as testified to at the trial below, do not support a finding that appellee was properly served with a notice to vacate the premises. The lease at issue provides that any termination of the tenancy by the landlord must be carried out in accordance with HUD regulations, state and local law. Pursuant to R.C. 1923.04(A), the service of a notice to vacate the premises on the tenant is critical to the initiation of an eviction action. Such service may be carried out "by certified mail, * * * by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted." R.C. 1923.04(A). In the present case, John Coates, the residence manager at Westland Gardens Apartments testified as follows:
 "Q. I'm going to show you what's been marked Exhibit C attached to this Complaint. Did you serve this Notice?
"A. Yes, I did.
"Q. Would you tell the Court on what day you served it?
"A. Served it on the 28th of February.
"Q. In what year?
"A. 1997.
 "Q. And you have before you a book. What is this book that you have in front of you?
 "A. This is our log book with Notices and stuff that we hand out.
"Q. How did you make notice, if any, upon the Defendant?
"A. We knocked on the door, no one answered.
"Q. At what address?
"A. 1854 Westland Gardens, Number 201.
"Q. Do you know who occupies that residence?
"A. Miss Madden.
 "MR. WILKINS: Your Honor, I have no further questions of this witness."
Accordingly, appellant's counsel never expressly asked and Coates never expressly stated how he perfected service on appellee. Given that appellee denied throughout the trial that she ever received the notice to vacate, we find that evidence of precisely how appellee was served was crucial to a determination of whether she was properly served. See Sternberg v. Washington (1960), 113 Ohio App. 216. We therefore conclude that appellant did not prove proper service of the notice and the trial court did not err in finding, albeit for a different reason, that appellee had not been properly served. The second assignment of error is not well-taken.
Absent proper service of the notice to vacate, a landlord cannot prevail in a forcible entry and detainer action. Accordingly, we further find that the first, third, fourth and fifth assignments of error are not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Toledo Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 ______________________________ James R. Sherck, J.
JUDGE
CONCUR.