JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-landlord originally filed his complaint against defendant-tenant for forcible entry and detainer, past due rent and property damage to the premises located at 3306 East Overlook Road, Cleveland Heights, Ohio.[1] The action was filed in the Cleveland Heights Municipal Court.
 {¶ 2} On August 23, 2002, tenant appeared with counsel at an eviction hearing held before the court magistrate. During the hearing, landlord testified that after he posted the thirty-day notice to vacate on April 15, 2002, tenant paid him for five months of past-due rent. Landlord stated that he posted the three-day notice to vacate on tenant's door on July 1, 2002. He also admitted after posting that notice he accepted another month's rent from tenant. Tenant argued landlord waived the three-day notice when he accepted the rent payment.
 {¶ 3} Thereafter, on August 26, 2002, the magistrate issued his findings in which he stated: "Judgment is rendered in favor of the plaintiff on the right to possession of property * * * Writ to Issue * * * By agreement of the parties no execution until 9/30/02."
 {¶ 4} On September 6, 2002, tenant filed her objections, motion for new trial, and motion for stay of writ of restitution. On September 27, 2002, the trial court adopted the magistrate's findings and overruled tenant's objections, motion for new trial and motion for stay. On September 30, 2000, landlord was granted a writ of restitution of the premises. Tenant filed this timely appeal, in which she presents one assignment of error:
The Trial Court Lacked Subject-matter Jurisdiction Over The Eviction Claim Because Appellee Waived The R.C. § 1923.04 Notice To Vacate When He Accepted Future Rent After Service Of The R.C. § 1923.04
Notice To Vacate.
 {¶ 1} Tenant argues that landlord waived notice to vacate when he accepted future rent. Tenant further argues that the trial court was divested of subject-matter jurisdiction immediately upon landlord's admission that he accepted rent after posting the three-day notice. We agree.
 {¶ 2} Proper service of a three-day notice to vacate the premises is a condition precedent to the commencement of a forcible entry and detainer action. R.C. 1923.04; Sternberg v. Washington (1960),113 Ohio App. 216, 221 [17 O.O.2d 185]. If the landlord waives the notice to vacate, the action has not been properly commenced, and the trial court commits reversible error if it proceeds on the merits of the case on the eviction claim.
 {¶ 3} "Generally, whether the landlord waives the notice requirement is a question of fact. Presidential Park Apts. v. Colston
(App. 1980), 17 O.O.3d 220, 221. By accepting `future rent payments,' after serving a notice to vacate, the landlord is deemed to have waived the notice to vacate as a matter of law since such acceptance is inconsistent with the landlord's notice to vacate. Id. The landlord does not waive the notice to vacate if, during pendency of the suit, the landlord accepts rent from a tenant in occupancy for `liability already incurred.'" Associated Estates Corp. v. Bartell (1985), 24 Ohio App.3d 6,9; Colombo Enterprises, Inc. v. Convenient Food Mart, Inc., Cuyahoga App. Nos. 80634, 80719, 80925, 81075, 81076, 81074, 2003 Ohio 154.
 {¶ 4} In the case at bar, landlord stated that after he posted the thirty-day notice, tenant paid five months of past-due rent. Tr. 7. Those months would have included February, March, April, May and June, 2002. Therefore, in July, 2002, when landlord posted the three-day notice to vacate, tenant was actually current on her rent, though she did still owe landlord some late fees. Landlord further testified as follows:
BY THE COURT:
Q: You received money on July 1?
A: Yes, $102.
Q: Now, did you receive that before or after you served this three-day notice on them?
A: Did I receive it before or after?
Q: Yes. Your date is July 1 on the three-day notice.
* * *
A: Yes. I served the paperwork. I received payment. It was after.
Q: You accepted some rent after the service of the three-day notice?
A: Just the $102; that's it.
* * *
THE COURT: Okay. See, the problem that you are having here, Mr. Colbert, is that once you serve the three-day notice you are not permitted to accept any rent after that.
MR. COLBERT: Okay.
* * *
THE COURT: * * *. In order for you to proceed now if I'm going to make a finding — and I believe I will — that you have accepted rent after service of the three-day notice, you are not going to win the case today.
You can still be a winner, so to speak, by agreeing to what the counsel for defendant is saying. I can let you go away here today with an order of the Court that they vacate — I'm looking up at the calendar there — by Monday the 30th of September and that also you are going to be able to accept her portion of the rent and be in touch with Section 8 and get all of the rent that's due to you from them.
* * *
THE COURT: * * * Here's what we are going to do. I'm going to issue an order that by agreement you are going to have restitution of that property * * *.
Tr. 9-10, 17-18, 23.
 {¶ 1} Following the hearing, the magistrate issued a writ of restitution. In part, the docket reads: "Judgment is rendered in favor of the plaintiff on the right to possession of property * * *. Writ to Issue * * *. By agreement of the parties no execution until 9/30/02." The landlord testified he received past due rent for five months. From the record, we must conclude that the $102 was for future rent. The transcript reflects that the court made the same finding. In light of landlord's admission that he accepted rent after he posted the three-day notice, the trial court erred in issuing the writ of restitution, even though the court specified execution was delayed. Appellant's sole assignment of error is sustained. Accordingly, the journal entry dated August 26, 2002 and any other docket entry referring to the court's issuance of a writ of restitution or judgment in favor of landlord is vacated forthwith.
Judgment accordingly.
ANNE L. KILBANE, P.J., AND ANN DYKE, J., CONCUR.
[1] When this appeal was filed the property damage claim remained pending. Even so, "[a] judgment in forcible entry and detainer which determines the right to possession of the property but does not decide all issues in dispute is a final, appealable order under R.C. 2505.02 as it is a special proceeding which affects a substantial right. Skillmanv. Browne (1990), 68 Ohio App.3d 615, 619, 589 N.E.2d 407." Yelanosky v.White, Cuyahoga App. No. 67479, 1995 Ohio App. LEXIS 241, at *3.