[Cite as *Ebbing v. Mathis*, 2013-Ohio-2273.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| JOSEPH P. EBBING, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2012-10-201 |
|  | : | O P I N I O N<br>6/3/2013 |
| - vs - | : | |
|  | : | |
| GARY MATHIS, JR., et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 12CVG01526

Joseph P. Ebbing, 3800 Princeton Road, Hamilton, Ohio 45011, plaintiff-appellant, pro se

Molly Russell, 215 East Ninth Street, Cincinnati, Ohio 45202, for defendant-appellee, Gary Mathis, Jr.

Dallace McIntosh, 517 East Avenue, Hamilton, Ohio 45011, defendant-appellee, pro se

**S. POWELL, J.**

{¶ 1}   Plaintiff-appellant, Joseph P. Ebbing, appeals from the judgment of the Hamilton Municipal Court finding against him and in favor of defendants-appellants, Gary Mathis, Jr. and Dallace McIntosh, on Ebbing's forcible entry and detainer action.  For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2}   Mathis and McIntosh leased a residence in Hamilton, Ohio.  Ebbing is the

landlord of the residence. On July 9, 2012, Ebbing, acting pro se, brought a complaint against Mathis and McIntosh in the Hamilton Municipal Court, seeking a writ of restitution of the premises in his first claim and past due rent and damages in his second claim. Ebbing alleged in his complaint that, on July 6, 2012, he served Mathis and McIntosh with written notice to vacate the premises. Ebbing attached, as an exhibit to his complaint, a copy of the "Notice to Leave the Premises" that he provided to Mathis and McIntosh.

{¶ 3} On July 25, 2012, Mathis appeared before the magistrate with his counsel, Molly Russell, who argued the trial court did not have jurisdiction to rule on Ebbing's forcible entry and detainer (FED) complaint because he filed it, prematurely, by one day. The magistrate agreed and dismissed Ebbing's FED complaint. The trial court overruled Ebbing's objections to the magistrate's decision, and his request for an award of costs against Attorney Russell.

{¶ 4} Ebbing now appeals, assigning the following as error:

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT COMMITTED UNLAWFUL AND REVERSIBLE ERRORS TO THE PREJUDICE OF PLAINTIFF; FIRST IN CONSIDERING, AND AGAIN IN GRANTING DEFENDANT'S CIV.R. 12(B)(1) MOTION TO DISMISS BEFORE AND WITHOUT CONDUCTING THE REQUIRED TRIAL AND DETERMINING THE TRUTHFULNESS OF PLAINTIFF'S COMPLAINT.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF PLAINTIFF IN DENYING WITHOUT A HEARING, EBBING'S CAUSE AGAINST RUSSELL.

{¶ 9} In his first assignment of error, Ebbing argues the trial court erred in dismissing his FED action for lack of subject matter jurisdiction, without conducting a trial and

determining the truthfulness of his complaint. We disagree.

{¶ 10} R.C. 1923.04(A) provides, in pertinent part:

> Except as provided in division (B) or (C) of this section, a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at the defendant's usual place of abode or at the premises from which the defendant is sought to be evicted.

{¶ 11} R.C. 1923.04(A) requires a landlord to give written notice to a tenant to vacate the premises three days prior to instituting a forcible entry and detainer action against the tenant; unless the landlord has provided the tenant with such notice, the trial court lacks subject matter jurisdiction over any FED action brought by the landlord against the tenant. *Knoll Group Mgt. Co. v. Wolfe*, 4th Dist. No. 93 CA 553, 1994 WL 326347 (June 28, 1994), *4. Proper service of the three-day notice is a condition precedent to the commencement of an eviction action, and it is a separate jurisdictional step that must be completed before an FED action is filed. *Wintrow v. Smith*, 32 Ohio Misc.2d 12 (1987). In calculating the three-day notice period, the first day is excluded, and the last day is included. *Id.* at 13, citing R.C. 1.14; Civ.R. 6(A); and *Dennis v. Coble*, 18 Ohio App. 62 (1923) (interpreting an analogous provision of the General Code, Section 10216).

{¶ 12} Here, Ebbing stated in his complaint that, on July 6, 2012, he provided Mathis and McIntosh with written notice to leave the premises, a copy of which he attached to the complaint. Therefore, under R.C. 1923.04(A), Ebbing was not permitted to bring his FED action against Mathis and McIntosh until July 10, 2012, since the first day, July 6, 2012, is excluded from the calculation of the three-day notice period and the last day, July 9, 2012 is included. *Wintrow.* By filing his FED action on July 9, 2012, Ebbing filed his action one day prematurely, thereby depriving the trial court of jurisdiction over his FED action. *Id.* and *Knoll*

- 3 -

*Group Mgt. Co.*, 4th Dist. No. 93 CA 553, 1994 WL 326347 at *4.

{¶ 13} Ebbing raises six arguments in support of his assignment of error. All of them lack merit.

{¶ 14} First, Ebbing argues the trial court was without authority to consider any matter except a motion for a continuance raised under R.C. 1923.08, prior to the required trial. We disagree, because "[a] court possesses initial authority to determine its own jurisdiction over the parties and the subject matter absent a patent and unambiguous lack of jurisdiction." *Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105 (4th Dist.), ¶ 20.

{¶ 15} Second, Ebbing asserts that the trial court was not permitted to dismiss his FED action under Civ.R. 12(B) if any part of his complaint could have survived the motion. However, no part of his complaint could survive the trial court's determination that it lacked subject matter jurisdiction to rule on Ebbing's FED action.

{¶ 16} Third, Ebbing contends that his failure to wait an additional day before bringing his FED action did not deprive the trial court of jurisdiction to rule on his complaint. We disagree with this argument for the reasons set forth in the cases cited above, including *Knoll Group Mgt. Co.*, 4th Dist. No. 93 CA 553, 1994 WL 326347 at *4.

{¶ 17} Fourth, Ebbing asserts that the trial court lacked jurisdiction to consider the "question" that Attorney Russell supposedly presented to the trial court when she stated, "we believe that there's a *question* of jurisdiction on the first cause [or first claim in Ebbing's complaint]." (Emphasis added.) Ebbing contends that, by asking this "question," Attorney Russell was improperly seeking to have the trial court "'interpret' R.C. 1923.04 (footnote omitted) and declare that [his] complaint was procedurally insufficient so that the trial court lacked jurisdiction over the subject matter[.]" Ebbing further asserts that Attorney Russell's "question" was an improper attempt to turn the proceedings into a "declaratory action [*sic*]," which was "inapposite [to] the F.E.D. [*sic*] action." We find this argument unpersuasive.

{¶ 18} When Attorney Russell used the word "question" in her statement to the trial court that "we believe that there's a question of jurisdiction on the first cause[,]" she was merely arguing it was the defense's position that the trial court lacked subject matter jurisdiction over the case due to Ebbing's failure to comply with R.C. 1923.04(A). Both the trial court and this court have agreed with this argument for the reasons set forth above. The trial court, undoubtedly, had subject matter jurisdiction to consider Attorney Russell's "question," i.e., argument.

{¶ 19} Fifth, Ebbing argues the trial court's refusal to conduct a trial on his FED complaint deprived him of his state and federal rights to open access to the courts, due process of law and the equal protection of law. We disagree. All Ebbing has to do in this action is to file his action against Mathis and McIntosh, again, this time, in compliance with R.C. 1923.04(A)—an act which Mathis and McIntosh have alleged that Ebbing has already done in this matter. Moreover, all Ebbing has to do in the future if the need arises to evict another tenant is to remember to give the tenant three, *full* days notice to vacate the premises before filing the FED action against the tenant, as required by R.C. 1923.04(A) and the case law interpreting it. *See, e.g., Wintrow*, 32 Ohio Misc.2d 12; and *Knoll Group Mgt. Co.*, 4th Dist. No. 93 CA 553, 1994 WL 326347 at *4.

{¶ 20} Finally, Ebbing asserts that the trial court fraudulently construed R.C. 1923.04 to require four days of notice for FED actions instead of three. We strongly disagree. The trial court properly applied the three-day notice rule in R.C. 1923.04(A) to this action, consistent with the case law interpreting that provision.

{¶ 21} Consequently, Ebbing's first assignment of error is overruled.

{¶ 22} In his second assignment of error, Ebbing argues the trial court erred in denying his claims against Attorney Russell because her unlawful conduct caused needless delay and cost. Again, we strongly disagree. There was nothing unlawful about Attorney Russell's

conduct, and none of her actions merit sanction.

{¶ 23} Accordingly, Ebbing's second assignment of error is overruled.

{¶ 24} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.