[Cite as *U.S. Bank Natl. Assn. v. Maxfield*, 2016-Ohio-3396.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BEAR STERN ARM TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-12, | : | CASE NO. CA2015-06-120 |
| | : | |
| | : | O P I N I O N |
| | | 6/13/2016 |
| Plaintiff-Appellee, | : | |
| | : | |
| - vs – | : | |
| | : | |
| DAVID Z. MAXFIELD, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2015-01-0230

Blank Rome, Chrissy M. Dun Dutton and John R. Wirthlin, 1700 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202, for appellee

Kendo, Alexander, Cooper & Engel, LLP, Andrew M. Engel, 7925 Paragon Road, Dayton, Ohio 45459, for appellants, David Z. Maxfield, Renee M. Maxfield and Itti Bitti Company LLC

Robert J. Byrne, 150 East Gay Street, 21st Floor, Columbus, Ohio 43215, for defendant, State of Ohio Department of Taxation

**M. POWELL, P.J.**

{¶ 1} Defendants-appellants, David Z. Maxfield, Renee M. Maxfield, and Itti Bitti

Company LLC, appeal from the decision of the Butler County Court of Common Pleas

awarding default judgment to plaintiff-appellee, U.S. Bank ("USB") National Association, as Trustee for Structured Asset Mortgage Investments II, Inc., Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2004-12. For the reasons that follow, we reverse the judgment of the trial court and remand this matter for further proceedings.

{¶ 2} On January 28, 2015, USB filed a complaint for foreclosure against appellants alleging appellants had defaulted on their payment obligations under the terms of the parties' promissory note. On February 4, 2015, appellants were served by residential service, but they never served or filed an answer to the complaint for foreclosure.

{¶ 3} On April 15, 2015, the trial court issued an entry captioned "Notice of Report" that stated, in pertinent part, "your report hearing has been **SET** * * * [for] June 4, 2015[,]" and that "**PERSONAL APPEARANCE IS REQUIRED AT THE FIRST STATUS REPORT HEARING**." (Bold emphasis and capitalization sic.)

{¶ 4} On May 19, 2015, appellants' counsel entered a notice of appearance on appellants' behalf. On May 22, 2015, a notice of substitution of counsel was filed on appellants' behalf.

{¶ 5} On May 28, 2015, USB served its motion for default judgment on appellants' counsel by ordinary mail. The motion for default judgment was docketed on June 1, 2015.

{¶ 6} On June 4, 2015, the trial court entered default judgment in favor of USB against appellants, determining that appellants owed $266,833.50 plus interest to USB and ordering that unless the sum was paid within three days, "the equity of redemption and dower of all [appellants] shall be foreclosed" and USB would be permitted to cause the property that had been mortgaged to secure appellants' indebtedness to be sold at a sheriff's sale.

{¶ 7} Appellants now appeal and assign the following as error:

{¶ 8} THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT TO PLAINTIFF.

{¶ 9} Appellants argue the trial court erred in awarding USB default judgment, because, among other things, the court awarded such judgment without ensuring that USB provided appellants with proper notice of the hearing on USB's motion or application for default judgment, as required by Civ.R. 55(A). We find this argument persuasive.

{¶ 10} An appellate court reviews a trial court's decision to grant a motion for default judgment under an abuse-of-discretion standard. *Complete Lawn Servs. v. Chimney Hill, L.L.C.*, 12th Dist. Butler No. CA2015-08-149, 2016-Ohio-997, ¶ 21. "An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Nix v. Robertson*, 12th Dist. Butler No. CA2012-08-157, 2013-Ohio-777, ¶ 9, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Despite this deferential standard of review, courts of appeals and trial courts, alike, must be mindful that "[g]enerally, the law disfavors default judgments" and "[t]he general policy in Ohio is to decide cases on their merits whenever possible." *Baines v. Harwood*, 87 Ohio App.3d 345, 347 (12th Dist.1993).

{¶ 11} Civ.R. 55(A) provides, in pertinent part, "[i]f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

{¶ 12} In *Producers Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003-Ohio-1067, ¶ 17, this court held that "Civ.R. 55(A) clearly requires that before it enters a default judgment against a defendant who has appeared, a trial court must hold a hearing and provide the defendant with seven days' notice of the hearing on the motion for default judgment."

{¶ 13} Here, while appellants did not file an answer to USB's complaint for foreclosure, appellants, nevertheless, made an "appearance" in this action, for purposes of

Civ.R. 55(A), since their first counsel filed a notice of appearance on May 19 and their second counsel filed a notice of substitution of counsel on May 22. USB's motion for default judgment, according to the certificate of service attached thereto, was served on appellants' second counsel by ordinary mail on May 28 and filed with the trial court on June 1. Therefore, under Civ.R. 55(A), USB was required to serve appellants with written notice of its application for default judgment at least seven days prior to the hearing on such application."

{¶ 14} An application for a default judgment can be served on a party who is represented by an attorney by mailing it to that attorney's "last known address by United States mail, in which event service is complete upon mailing[.]" Civ.R. 5(B)(1) and (2)(c). Civ.R. 55(D) requires that the written notice of the application for default judgment be served at least seven days prior to the hearing on the application, which means that the party allegedly in default has "seven *full* days" before the day of the hearing on the application for default judgment. (Emphasis added.) 2 James M. Klein, Stanton G. Darling II, and Dennis G. Terez, *Baldwin's Ohio Practice, Civil Practice*, Section 55:14. (Database updated December 2014.)

{¶ 15} Here, USB contends that it served appellants with written notice of its application for default judgment seven days prior to the hearing on the application as required under Civ.R. 55(A), because (1) it served appellants' counsel by ordinary mail on May 28, thus making service complete on that date pursuant to Civ.R. 5(B)(2)(c), and (2) the trial court did not hold a hearing on its application for default judgment nor grant USB default judgment until seven days later on June 4, thus providing appellants with seven-day notice of the application. However, USB's argument ignores that it was required to give appellants notice of "seven full days" before the day of the hearing on the application for default judgment, and in this case, USB gave appellants less than seven days of notice. Klein, Darling II, and Terez, Section 55:14.

**{¶ 16}** Civ.R. 6(A) provides that "[i]n computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." Applying Civ.R. 6(A) to the facts of this case, May 28 cannot be counted as the first day of the seven-day notice period to which appellants were entitled under Civ.R. 55(A). Instead, the first day of the seven-day notice period fell on May 29. Klein, Darling II, and Terez, Section 55:14. As a result, the seven-day notice period to which appellants were entitled ran from May 29 to June 4.

**{¶ 17}** Furthermore, to provide appellants with the "full seven days" notice to which they were entitled, the trial court was required to schedule the hearing on USB's application for default judgment no earlier than June 5. By holding the hearing on USB's application on June 4, the trial court failed to afford appellants at least seven, full days of notice prior to the hearing on USB's application for default judgment in violation of Civ.R. 55(A). *See Ebbing v. Mathis*, 12th Dist. Butler No. CA2012-10-201, 2013-Ohio-2273, ¶ 11 and 19, citing *Wintrow v. Smith*, 32 Ohio Misc.2d 12 (M.C.1987) (in calculating the three-day notice period required in forcible entry and detainer actions under R.C. 1923.04[A], the first day is excluded and the last day is included under R.C. 1.14 and Civ.R. 6[A]; additionally, the tenant is entitled to three, *full* days' notice to vacate the premises before the landlord is permitted to file an FED action against the tenant).

**{¶ 18}** Even if we assume appellants were provided with the requisite seven-day notice of USB's application for default judgment prior to the hearing on the application, appellants still would not have received all of the notice of the hearing on the application to which they were entitled, since appellants were entitled to an additional three days of notice under Civ.R. 6(D) due to the fact that USB served them with notice of its application for default judgment by ordinary mail.

{¶ 19}   Civ.R. 6(D) states as follows:

> **(D) Time: additional time after service by mail or commercial carrier service**
> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document upon that party and the notice or paper is served upon that party by mail or commercial carrier service under Civ.R. 5(B)(2)(c) or (d), three days shall be added to the prescribed period.  This division does not apply to responses to service of summons under Civ.R. 4 through Civ.R. 4.6.

{¶ 20}   Here, appellants' attorney was served with notice of USB's application for default judgment by ordinary mail on May 28.  Therefore, appellants were entitled under Civ.R. 6(D) to have an additional three days added to the seven-day notice period in Civ.R. 55(A) prior to the hearing on USB's application for default judgment, giving them a ten-day notice period.  Klein, Darling II, and Terez, Section 55:14.  Furthermore, under Civ.R. 6(A), appellants were entitled to have this ten-day notice period counted from the day *after* service was completed on May 28.  *Id.*  As a result, the trial court clearly failed to give appellants the proper amount of notice of USB's application for default judgment prior to the hearing the court held on the application.

{¶ 21}   USB spends considerable time in its brief addressing whether appellants were properly served with the summons and complaint for foreclosure, which would subject them to the personal jurisdiction of the trial court.  USB argues that appellants waived any defect with service of process and personal jurisdiction by entering an appearance and failing to contest service of process and personal jurisdiction.  However, while appellants mentioned alleged defects with regards to service of the summons and complaint on them in the statement-of-facts portion of their brief, they are not challenging the sufficiency of service nor claiming the trial court failed to obtain personal jurisdiction over them.  Instead, appellants' argument is restricted to whether they were afforded, as required by Civ.R. 55(A), written

notice of USB's application for default judgment at least seven days prior to the hearing on the application, as well as the hearing, itself, prior to the trial court awarding default judgment against them, which we have concluded, for the reasons set forth above, that they were not.

{¶ 22} USB also argues that appellants forfeited any defect with regard to the granting of default judgment by not raising the issue in the trial court pursuant to a Civ.R. 60(B) motion "or otherwise." We find this argument unpersuasive. A Civ.R. 60(B) motion is a collateral attack on a judgment. *See Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 78-79, 2014-Ohio-4275, ¶ 15-16. Civ.R. 55(B) provides that "[i]f a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." However, there is nothing in Civ.R. 55(B) that prohibits a party from filing a direct appeal from a final order awarding default judgment without first filing a motion to vacate the default judgment under Civ.R. 60(B).

{¶ 23} The basic precepts of due process require that, before granting default judgment against a party, the party must be afforded a fair hearing on the matter and receive fair notice of the hearing. *See In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 13, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652 (1950) ("'[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'"). The trial court erred in entering default judgment against appellants without complying with the notice and hearing requirements in Civ.R. 55(A). Accordingly, appellants' assignment of error is sustained.

{¶ 24} The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

S. POWELL and RINGLAND, JJ., concur.